UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**GLENN D. ODOM**                                                            **PLAINTIFF**

**v.**                                              **CIVIL ACTION NO. 3:24-CV-P185-CRS**

**JESSICA BEARD** *et al.*                                            **DEFENDANTS**

<u>**MEMORANDUM OPINION**</u>

  This is a *pro se* 42 U.S.C. § 1983 prisoner civil-rights action.  For the reasons set forth below, the Court will dismiss this action.

**I.**

  This action pertains to a criminal action pending against Plaintiff Glenn D. Odom in state court.  Plaintiff names the following Kentucky Department of Public Advocacy (DPA) officials as Defendants – his court-appointed attorney, Jessica Beard; DPA investigator "Mr. Kenny;" and DPA Director Damon Preston.  Plaintiff specifically states that he does not seek damages in this action – only injunctive relief.

  Plaintiff alleges that Defendant Beard does not care that he is innocent.  Plaintiff states that he has a constitutional right to represent himself but that Defendant Beard has refused to allow it.  He states that her refusal to allow him to conduct his own defense violates his rights under the Sixth Amendment.  Plaintiff further states that Defendant Beard has too many cases to adequately represent him; refuses to allow him to complete discovery; refuses to question his witnesses; and refuses to give him copies of witness statements.  Plaintiff also alleges that the "Commonwealth's Attorney used to be her supervising boss at her previous firm."  Plaintiff next states that Defendant Beard has "authorized the prison guards to listen to her and Plaintiff's communications – over [his] repeated objections."  Finally, Plaintiff asserts that Defendant Beard sent Defendant Mr. Kenny to

"falsify witness statement transcripts," and that Plaintiff has reported his concerns regarding Defendant Beard to Defendant Preston but Defendant Preston has continued to ignore him.

The only relief Plaintiff seeks in this case is the appointment of an "effective lawyer that does not have an over-sized caseload and is too busy to file a single motion for plaintiff, also a lawyer who is not loyal to the state's attorney and state prison guards – allowing them to intrude on plaintiff's attorney-client communications."

## II.

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## III.

The doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971), requires that this Court abstain from granting the injunctive relief that Plaintiff's requests.  The *Younger* abstention doctrine may be raised *sua sponte* by the court or by the parties.  *O'Neill v. Coughlan*, 511 F.3d 638, 641 (6th Cir. 2008).  The doctrine "provides that a federal court should abstain from interfering in a state court action when (1) there is an ongoing state judicial proceeding, (2) the state proceeding implicates important state interests, and (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges." *Graves v. Mahoning Cnty.*, 534 F. App'x 399, 406 (6th Cir. 2013) (citing *Fieger v. Cox*, 524 F.3d 770, 775 (6th Cir. 2008)).  The Commonwealth of Kentucky has an important interest in adjudicating Plaintiff's criminal action, and Plaintiff has not articulated any reason to believe that the Kentucky state courts will not fully and fairly litigate his constitutional claims.  If he is found guilty of the charges against him, he still has a number of state-court remedies available to him, including the Kentucky state appeals process and post-conviction relief.  Thus, the Court will dismiss this case in accordance with the *Younger* abstention doctrine.

## IV.

The Court will enter a separate Order dismissing this action consistent with this Memorandum Opinion.

Date:  March 27, 2024

Charles R. Simpson III, Senior Judge
United States District Court

cc:      Plaintiff, *pro se*
4411.011

3